**LOWE v. UNITED STATES.**
No. 14012.

United States Court of Appeals
Ninth Circuit.
March 8, 1954.

Grace Lowe, Fairbanks, Alaska, in pro. per.

Theodore F. Stevens, U. S. Atty., George M. Yeager, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court for the Territory of Alaska, an information against appellant was filed on May 7, 1953. The information was as follows:

"The Assistant United States Attorney for the Fourth Judicial Division, District of Alaska, charges in this Information:

"That on or about the 26th day of March, 1953, in the Fairbanks Precinct, Fourth Division and Territory of Alaska [appellant], then and there being, did then and there wilfully and unlawfully and knowingly obstruct the passage of mail by withholding and refusing to return to the Post Office at Fairbanks, Alaska, or to a duly authorized agent of the Post Office Department, a package addressed to Mrs. Eva Rodgers, said package having been delivered to the address of [appellant], after [appellant] had been requested and directed so to do, in violation of [18 U.S.C.A. § 1701]."[1]

Appellant moved to dismiss the information. The motion was denied. Appellant pleaded not guilty, was tried, convicted and sentenced and has appealed. The question presented is whether the information charged an offense.

As indicated above, the information stated, in substance, that appellant unlawfully and in violation of 18 U.S.C.A. § 1701 obstructed the passage of mail by withholding and refusing to return to the post office at Fairbanks or to a duly authorized agent of the Post Office Department the package mentioned in the information. That, however, was a mere statement of a conclusion of law. The information stated no fact or facts warranting the conclusion. It appeared from the information that the package

---

1. Section 1701 provides: "Whoever knowingly and willfully obstructs or retards the passage of the mail * * * shall be fined not more than $100 or imprisoned not more than six months, or both."

was addressed to Mrs. Eva Rodgers, but it did not appear that the package was mailed to Mrs. Rodgers or anyone else. It appeared from the information that the package was delivered to appellant's address, but it did not appear that the package was delivered by mail, or that it was ever in the mail, or that it ever constituted mail or mail matter. It appeared from the information that appellant was requested and directed to return the package to the post office at Fairbanks or to a duly authorized agent of the Post Office Department, but it did not appear that the package had ever been in any post office or in the custody, possession or control of the Post Office Department or any officer, agent or employee thereof.

We conclude that the information did not charge an offense and should have been dismissed.

Reversed and remanded for dismissal.